UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                     :

ZHEJIANG KAISHAN HOLDING GROUP CO., LTD.,   :  No. 16-cv-1572

       Plaintiff,                             :

    - against-                         :  **COMPLAINT**

LIGHTNING DOCK GEOTHERMAL HI-01, LLC,    :

       Defendant.                         :
-------------------------------------------------------------- X

Plaintiff Zhejiang Kaishan Holding Group Co., Ltd. ("Kaishan") by its attorneys, Dentons US LLP, for its Complaint against Defendant Lightning Dock Geothermal HI-01, LLC ("LDG") hereby alleges:

## NATURE OF THE ACTION

1. This lawsuit arises from LDG's breach of a Note Purchase Agreement, as amended, dated June 30, 2014 (the "NPA"). Pursuant to the NPA, LDG issued $25 million of 13 percent Senior Notes (the "Notes"). Subsequent to the issuance, Kaishan acquired the Notes, including the right to receive all payments made on the Note. As part of Kaishan's acquisition of the Notes, the interest rate on the Notes was lowered from 13 percent to 3.5 percent. Interest payments on the Notes are due each year on June 20 and December 20. LDG failed to make the interest payment due on December 20, 2015, in the amount of $438,698.63, which constitutes an event of default under the NPA.

## PARTIES, JURISDICTION, AND VENUE

2. Kaishan is a foreign business company organized under the laws of the People's Republic of China, and maintains a principal place of business in Quzhou City, Zhejiang

Province, P.R.C.

3. On information and belief, LDG is a Delaware limited liability company, the sole member of which is Cyrq Energy, Inc. ("Cyrq"). On information and belief, Cyrq is a corporation organized under the laws of the State of Delaware with a principal place of business in Salt Lake City, Utah.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. This Court has personal jurisdiction over LDG because, pursuant to Section 23.7(b) of the NPA, LDG submitted to jurisdiction in this Court:

> *Submission to jurisdiction.* Any legal action or proceeding with respect to this Agreement or any other Note Document to which the Company is a party shall be brought in (i) the State of New York courts in the County of New York, (ii) the United States District Court for the Southern District of New York, (iii) the State of New Mexico First Judicial District Court or the Second Judicial District Court, or (iv) the United States District Court for the District of New Mexico and, by execution and delivery of this Agreement, each party hereto hereby irrevocably accepts for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 1391(c)(2).

7. Further, pursuant to Section 23.7(c) of the NPA, LDG waived any objection to venue in this District:

> *Waiver of Venue.* Each party hereto hereby irrevocably waives any objections that it may now have or hereafter have to the laying of the venue of any suit, action or proceeding arising out of or relating to this Agreement or any other Note Document to which it is a party brought in the Supreme Court of the State of New York, County of New York, in the United States District Court for the Southern District of New York, the State of New Mexico in the

county of Hidalgo, or the United States [District Court] for the District of New Mexico and hereby further irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

8. Pursuant to Section 23.7(a) of the NPA, the NPA shall be construed in accordance with and governed by the law of the State of New York, without regard to principles of conflicts of law.

## FACTUAL BACKGROUND

9. Kaishan is in the business of industrial investment.

10. LDG was created to oversee the construction of a power plant in New Mexico.

11. On or about June 30, 2014, LDG entered into the NPA with CITIC Securities Company Limited (as Fund Manager for and on behalf of CITIC Securities Kaishan Discovery Fund) (the "Purchaser").  A true and correct copy of the NPA is attached hereto as Exhibit A.

12. Pursuant to the NPA, LDG issued and sold to the Purchaser the following:  (a) $5,500,000 in Series A Notes; (b) $4,500,000 in Series B Notes; and (b) $15,000,000 in Series C Notes.

13. The maturity date of the Notes is August 19, 2016 (24 months after the Series A Closing Date).

14. On or about June 20, 2015, Kaishan acquired the Purchaser's entire beneficial interest in and to the Notes.

15. As the owner of the entire beneficial interest in and to the Notes, Kaishan directed LDG and the Purchaser to amend the NPA and enter into Amendment No. 3 to the NPA.

16. On or about June 29, 2015, Amendment No. 3 was agreed to and executed by LDG and the Purchaser.  A true and correct copy of Amendment No. 3 is attached hereto as Exhibit B.

-4-

17. Pursuant to Amendment No. 3, the Purchaser "acknowledges that Kaishan is the ultimate beneficial owner of the Note, and is entitled to all payments on account thereof. Kaishan is the Holder for all purposes of the Note Purchase Agreement. All payments made by [LDG] on the Note shall be for the account of Kaishan."

18. Pursuant to Amendment No. 3, the interest rate on the Notes was reduced from 13 percent to 3.5 percemt.

19. Pursuant to Section 8.6(a) of the NPA, interest on the Notes shall be payable semi-annually in arrears on each Interest Payment Date, which is defined in the NPA as June 20 and December 20.

20. On December 20, 2015, an interest payment was due on the Notes in the amount of $438,698.63.

21. LDG failed to make the interest payment due on December 20, 2015.

22. Under Article 11 of the NPA, LDG's failure to make the interest payment due on December 20, 2015 constituted an event of default. Specifically, Article 11(b) of the NPA provides that:

> An "***Event of Default***" shall exist if any of the following conditions or events shall occur and be continuing: . . . (b) [LDG] shall fail to pay (i) interest on the Notes when and as the same shall become due and payable on any Interest Payment Date, and such failure shall continue unremedied for a period of two Business Days.

23. On January 6, 2016, counsel for Kaishan sent a notice to LDG demanding payment of the interest payment due on December 20, 2015 in the amount of $438,698.63 (the "Default Letter"). A true and correct copy of the Default Letter is attached hereto as Exhibit C.

24. The Default Letter stated that if LDG failed to make the interest payment in two days, the letter would constitute written notice of an event of default under the terms of the NPA.

25. LDG failed to make the interest payment and has failed to remedy the default.

### CAUSE OF ACTION FOR BREACH OF CONTRACT
### FOR INTEREST DUE AND OWING

26. Kaishan incorporates by reference the above allegations of its Complaint as if fully set forth herein.

27. LDG and the Purchaser entered into the NPA, pursuant to which LDG issued the Notes.

28. Pursuant to Amendment No. 3 between LDG and the Purchaser, Kaishan is the ultimate beneficial owner of the Note and is entitled to all payments due on the Notes, including interest payments.

29. Kaishan performed its obligations under the NPA by agreeing to decrease the interest rates on the Notes from 13 percent to 3.5 percent.

30. Pursuant to the NPA, on December 20, 2015, LDG was required to make an interest payment to Kaishan in the amount of $438,698.63.

31. LDG failed to make the interest payment, in breach of the NPA.

32. LDG's failure to make the interest payment constitutes an event of default under the NPA.

33. LDG's failure to make the interest payment on December 20, 2015, has damaged Kaishan, in an amount to be determined at trial and reasonably believed to be not less than $438,698.63, plus default interest of $4,542.36 as of February 29, 2016, plus all additional costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Kaishan respectfully requests that judgment be awarded in its favor and against LDG in an amount to be determined at trial and reasonably believed to be not less than $443,240.99, plus all additional costs, interest, and attorneys' fees.

Dated: New York, New York
       March 1, 2016

Respectfully submitted,

DENTONS US LLP

By: s/ Charles E. Dorkey III
    Charles E. Dorkey III
    Rebecca Tingey

1221 Avenue of the Americas
New York, New York 10020
Telephone: 212-905-8330
Facsimile:  212-768-6800
charles.dorkey@dentons.com
rebecca.tingey@dentons.com

*Attorneys for Plaintiff Zhejiang Kaishan Holding Group Co., Ltd.*